UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CERTIFIED RESTORATION DRY
CLEANING NETWORK, L.L.C.,

    PLAINTIFF,

v.                                              CASE NO. 07-10341

TENKE CORP. d/b/a RITE CLEANERS,        HONORABLE SEAN F. COX
and STEPHEN DUBASIK,

    DEFENDANTS.
_____/

## PRELIMINARY INJUNCTION

In an Opinion issued on December 17, 2007, the United States Court of Appeals for the Sixth Circuit reversed this Court's May 8, 2007 decision denying Plaintiff Certified Restoration Dry Cleaning Network, L.L.C's Motion for Preliminary Injunction, and remanded this Case with instructions to issue Plaintiff's requested preliminary injunction. In accordance with the Sixth Circuit's instructions,

**IT IS ORDERED** that, until such time as this Preliminary Injunction is superceded by a future order or judgment of this Court, Defendants **TENKE CORPORATION d/b/a RITE CLEANERS**, and **STEPHEN DUBASIK**, along with their officers, agents, servants, employees, and attorneys, and those persons in active participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise, are enjoined from:

    1.    Violating Section 13.D. of the parties' June 6, 2002 Franchise Agreement by engaging as an owner, shareholder, partner, director, officer, employee, consultant, salesperson,

1

representative, or agent or in any other capacity in any restoration drycleaning business within: (1) Portage County, Ohio (1990 U.S. Census Bureau Census Tract 39-133); Mahoning County, Ohio (1990 U.S. Census Bureau Census Tract 39-099); Trumbull County, Ohio (1990 U.S. Census Bureau Census Tract 39-155); Geauga County, Ohio (1990 U.S. Census Bureau Census Tract 39-055); Ashtabula, County (1990 U.S. Census Bureau Census Tract 39-007), the portion of Cuyahoga County, Ohio comprised of Census Tract 39-035; Mercer County, Pennsylvania (1990 U.S. Census Bureau Census Tract 42-085)[1]; Lawrence County, Pennsylvania (1990 U.S. Census Bureau Census Tract 47-073); (2) the geographic area encompassed by the Territories of any CRDN franchisees as of November 6, 2006 (the date of the termination of said Franchise Agreement); and (3) a geographic area that is contained in a circle having a radius of 25 miles outward from the borders of 1990 U.S. Census Bureau Census Tracts 39-133, 39-099; 39-155; 39-055; 39-007; 39-035; 42-085; and 47-073.

2. Violating Section 13.B4. of the Franchise Agreement by engaging in any contacts with or by performing services for customers or former customers of the restoration drycleaning franchised business operated under the Franchise Agreement prior to its termination on November 6, 2006.[2]

---

[1]In Plaintiff's December 20, 2007 submission to the Court requesting issuance of the preliminary injunction following remand, Plaintiff notes that it had inadvertently omitted the two Pennsylvania counties from the proposed order it had initially submitted to this Court along with its Motion for Preliminary Injunction. There has never been a dispute, however, that those two counties were included within Defendants' territory and this Court previously acknowledged those counties in its May 8, 2007 Opinion & Order at page 2, footnote 1. Accordingly, the Court concludes that this Preliminary Injunction should include those counties.

[2]At Plaintiff's request, this Preliminary Injunction does not contain the previously requested paragraph relating to the use of a telephone number.

**IT IS SO ORDERED**.

                                                     S/Sean F. Cox
                                                     SEAN F. COX
                                                     UNITED STATES DISTRICT JUDGE

Dated: January 3, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 3, 2008, by electronic and/or ordinary mail.

                                                   S/Timilyn M. Katsaros
                                                 Administrative Assistant